UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HUBERT COPELAND, *et al.*, )
)
    Plaintiffs ) CASE NO. 1:10-cv-78
v. ) *Collier/Carter*
)
AERISYN, LLC *et al.*, )
    Defendants. )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiffs move to amend their complaint to add new causes of action and to provide more factual allegations to already existing claims. [Doc. 21]. [1] Plaintiffs' present complaint includes a claim for hostile work environment, unequal pay, and failure to promote on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; and the Tennessee Human Rights Act (THRA), 4-21-101 *et. seq.*; and a claim for a violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* Plaintiffs now move to add claims of retaliatory discharge and malicious prosecution. The claim for retaliatory discharge is time barred, and the claim for malicious prosecution is not ripe because the criminal charges which form the basis of this claim are still pending. Therefore, the undersigned RECOMMENDS plaintiffs' motion to amend to add the claims of retaliatory discharge and

---

[1]The proposed amended complaint referred to in this report and recommendation is the proposed amended complaint attached to plaintiffs' second motion to amend. [Doc. 21-1, proposed amended complaint.] Plaintiffs' first motion to amend [Doc. 16] was superceded by plaintiffs' second motion to amend. The undersigned offers no opinion as to whether the claims currently alleged in the original complaint are adequately pled to state a claim for which relief can be granted.

1

malicious prosecution be DENIED. To the extent that plaintiffs have added factual details in their proposed amended complaint to the claims already existing in the original complaint, it is RECOMMENDED that their motion to amend be GRANTED.

## II. Background

Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). However, leave to amend need not be given where the amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hutsel v. Sayre* , 5 F.3d 996, 1006 (6 th Cir. 1993).

Plaintiffs' original complaint alleges that as employees with Aerisyn, LLC, (Aerisyn), plaintiffs have been subjected to pervasive racial harassment by other employees. They further allege they notified their supervisors but the supervisors failed to take action to stop the harassment. The original complaint also alleges "at least one of the Plaintiffs was denied a promotion based on race," white employees were paid more than black employees for the same work, and defendants failed to allow "at least one black employee to take legitimate FMLA leave." (Complaint pars. 12, 15, 19, Doc. 1-1). [2]

*A. Retaliatory Discharge*

In their motion to amend, plaintiffs seek to add a claim under the Tennessee Public Protection Act (TPPA), Tenn. Code Ann. § 50-1-304 and a claim under Title VII alleging that Hubert Copeland was discharged on August 22, 2008 in retaliation for filing an EEOC charge on August 11, 2008 which alleged workplace discrimination on the basis of race. In his complaint,

---

[2]The original complaint does not indicate when the alleged harassment and failure to promote occurred. The original complaint does indicate "[t]he Plaintiffs were or are employees of the Defendant." (Complaint, para. 5, Doc. 1-1). The EEOC charges submitted with the proposed amended complaint assert the discriminatory conduct took place from May 30, 2008 to August 5, 2008. (Doc. 21-1, Collective Exhibit F).

2

Mr. Copeland asserts that the ostensible basis for his discharge, theft of copper from Aerisyn, was simply a pretext for retaliatory discharge. He further alleges the charge of copper theft was dismissed on November 20, 2008, but "Defendants continue to racially harass the Plaintiff, Hubert Copeland, by reinstating charges against the plaintiff, Hubert Copeland, after the charges were dropped and two other individuals plead [sic] guilty to the crime." (Proposed Amended Complaint, Doc. 21-1, par. 27). Mr. Copeland was issued a right to sue letter on December 24, 2009. The original complaint was filed on March 24, 2010 in the Circuit Court of Hamilton County, Tennessee. Nothing in the original complaint refers to Mr. Copeland's discharge specifically or to discharge in general. The action was removed to this court on the basis of federal question jurisdiction on April 22, 2010. Plaintiffs moved on March 11, 2011 to amend their complaint to add the claim that Aerisyn discharged Mr. Copeland in retaliation for his filing an EEOC charge alleging workplace discrimination.

*1. The Tennessee Public Protection Act Claim for Retaliatory Discharge*

Defendant asserts this amendment for retaliatory discharge is time barred. "Claims for retaliatory discharge under the TPPA must be brought within one year of discharge from employment." *Gibson-Holmes v. Fifth Third Bank*, 661 F. Supp.2d 905, 912 (M.D. Tenn. 2009) (citing *Farmer v. Tennessee Dept. of Safety,* 228 S.W.3d 96, 98 (Tenn.Ct.App.2007). More than a year expired between the time Mr. Copeland was discharged and when he sought to bring this claim. Thus, unless the proposed amended complaint relates back to the original complaint under Fed. R. Civ. P. 15(c)(1)(B), it is time barred.

Rule 15(c)(1)(B) provides:

(1) When an Amendment Relates Back. An amendment to a pleading relates back

to the date of the original pleading when:

> \* \* \*
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading....

"In short, 'a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence.'" *Hall v. Spencer County, Kentucky*, 583 F.3d 930, 934 (6th Cir. 2009) (citing *Miller v. American Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000)). Rule 15 does not define "same transaction or occurrence, thus, when considering whether an amendment arises out of the same transaction or occurrence, the court must determine '"whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading."' *Hall*, 583 F.3d at 934 (citing *Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 516 (6th Cir. 2007)). If so, the court will allow the amended pleading to relate back to the original pleading. *Hall*, 583 F.3d at 934.

In the instant case, there is no mention in any context of Mr. Copeland's discharge in the original complaint. Consequently, defendants could not have been put on notice that Mr. Copeland's discharge was in any way a part of the dispute between the parties. I conclude the claim for retaliatory discharge does not relate back to the original complaint and therefore is time barred.

*2. The Title VII Claim for Retaliatory Discharge*

Title VII claims must be filed in federal court within ninety days of receipt of the EEOC's right to sue letter. 42 U.S.C. § 2000e-5(f)(1) (allotting a party ninety days within which to bring

4

an action in federal court after receipt of a right to sue letter); *Bush v. Fordham University*, 452 F.Supp.2d 394, 416 n. 12 (S.D. N.Y. 2006) (court would not consider plaintiff's claim for retaliatory discharge in violation of Title VII because plaintiff failed to include this claim in her original complaint and she did not move to amend her complaint within ninety days of receipt of her right to sue letter.); *Harris v. Giant Eagle Inc.*, 133 Fed. Appx. 288, 292 n.1 (6th Cir. May 27, 2005) (unpublished) (a plaintiff must file a Title VII claim in federal court ninety days after receiving a right to sue letter).

      Copeland attempts to avoid the ninety day time period by asserting that his termination on August 22, 2008 is part of a continuing violation in which black employees are racially harassed and that the latest acts of racial harassment occurred within ninety days of the instant motion to amend. However, under Title VII, a termination from employment is a discrete act. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Each discrete act is actionable by itself. *Id.* In contrast, "a hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful' employment practice." *Id.* at 117. "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113. "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' [A plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." *Id.* at 114. In contrast, with a hostile work environment claim, "[i]t does not matter... that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire

period of the hostile environment may be considered by a court for the purpose of determining liability." *Id.* at 117.

The Tennessee Supreme Court has also taken the position that discrete acts such as termination do not fall within the purview of the continuing violations doctrine for purposes of the Tennessee Human Rights Act. *Booker v. Boeing Co.*, 188 S.W.3d 639, 645-647 (Tenn. 2006) (citing *Weber v. Moses,* 938 S.W.2d 387, 391-92 (Tenn. 1996)).

Mr. Copeland's discharge is a discrete act, and Copeland cannot extend the limitations periods which apply to a claim brought under Title VII or the THRA for his discharge by linking it to more recent discriminatory conduct.[3]

I also conclude, for the reasons previous stated, that Mr. Copeland's claims for retaliatory discharge do not relate back pursuant to Fed. R. Civ. P. 15(c)(1)(B) to the original complaint.

Consequently, I conclude Mr. Copeland's Title VII claim for retaliatory discharge is time barred.[4] He is also time barred from bringing any claim under the THRA based on his discharge.

I note that while Mr. Copeland is time barred from bringing a claim of racial discrimination on the basis of his discharge, he is not precluded from using his discharge as background evidence in support of a timely claim. *Morgan*, 536 U.S. at 113.

---

[3]I note that once Mr. Copeland was discharged, he was no longer an employee of the defendants, and therefore, any subsequent racial harassment against Mr. Copeland, then a nonemployee, would not be actionable under statutes which protect employees from racially discriminatory conduct.

[4]Mr. Copeland's EEOC charge which was filed before he was fired did not, of course, mention his discharge. "Retaliation claims are typically excepted from the filing requirement because they usually arise after the EEOC charge is filed." *Spengler v. Washington Cylinders*, 615 F.3d 481, n.3 (6th Cir. 2010).

*B. Malicious Prosecution*

Plaintiff alleges that the copper theft charges recently reinstated against him constitute malicious prosecution. It is undisputed by the parties that these charges are currently pending in a Tennessee state criminal court. "A cause of action for malicious prosecution accrues when a malicious suit is finally terminated in the defendant's favor." *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992). Since the criminal charges are still pending, the matter is not yet ripe and cannot go forward. Therefore, amending the complaint to add this claim would be futile at this point. If the case against Mr. Copeland were to be decided in his favor, then the matter could be reconsidered.[5]

*C. Amendments to Additional Claims Already Raised in the Original Complaint.*

Plaintiffs seek to add additional details to claims already asserted in the current complaint. The undersigned will recommend that these portions of the plaintiffs' motion to amend be GRANTED. The undersigned offers no opinion, however, whether the current complaint or the proposed amended complaint sufficiently sets forth these claims. If defendants wish to assert that they do not, this matter is more properly addressed by filing a motion to dismiss.

---

[5]Plaintiffs' brief in support of the motion to amend states, "Plaintiff reserves the right to further amend for defamation," thereby indicating to the undersigned that plaintiff has not stated a defamation claim in his current and proposed amended complaint.

III. Conclusion

For the reason stated herein, it is RECOMMENDED that plaintiffs' motion to amend their complaint to add a claim of retaliatory discharge be DENIED with prejudice and plaintiffs' motion to add a claim of malicious prosecution be DENIED without prejudice. It is further RECOMMENDED[6] that plaintiffs' motion to amend their complaint to add more details concerning the claims currently set forth in the original complaint be GRANTED and that plaintiffs be given ten (10) days from entry of the District Court's order adopting this recommendation, assuming it is adopted, in which to file the amended complaint which contains only those amendments permitted.

                                                 *s/William B. Mitchell Carter*
                                                 UNITED STATES MAGISTRATE JUDGE

---

[6]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).