UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

HUBERT COPELAND, *et al.*,           )
                                      )
    Plaintiffs,                       )
                                      )
v.                                    )   No. 1:10-CV-78
                                      )
AERISYN, LLC, *et al.*,               )   Chief Judge Curtis L. Collier
                                      )
    Defendants.                       )

## MEMORANDUM & ORDER

Plaintiffs Hubert Copeland, Scovia Covington, Tommy Covington, Bruce Douthard, and Gregory Moorer (collectively, "Plaintiffs") filed a motion to amend their complaint, which is now before the Court (Court File No. 21).[1] Plaintiffs seek to add additional causes of action and provide more detailed factual allegations to existing claims. Defendants Aerisyn, LLC and SIAG Aerisyn LLC (collectively, "Defendants") filed a motion to strike (Court File No. 24) certain exhibits that Plaintiffs attached to their proposed amended complaint (Court File No. 21-1). The Court will address each of these motions in turn.

## I. MOTION TO AMEND COMPLAINT

On May 13, 2010, United States Magistrate Judge William B. Carter filed a report and recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) (Court File No. 27). Magistrate Judge Carter recommended granting-in-part and denying-in-part Plaintiffs' second motion to amend their complaint. Neither party has objected to the R&R within the given

---

[1]The instant motion is entitled "Second Motion to Amend Complaint" and supercedes Plaintiffs' original motion to amend (Court File No. 16), which was denied as moot (Court File No. 28).

fourteen days. After reviewing the record, this Court agrees with the R&R. The Court hereby **ACCEPTS** and **ADOPTS** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 27). The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to amend (Court File No. 21). Plaintiffs are authorized to provide additional details to claims set forth in their original complaint, but the remainder of Plaintiffs' motion to amend is denied.

## II.   MOTION TO STRIKE

Defendants move to strike certain exhibits attached to Plaintiffs' proposed complaint, arguing the deposition excerpts (Exhibits B-E, H-N, and Q) and collected notes/drawing (Exhibit A) do not constitute "written instruments" under Fed. R. Civ. P. 10(c). Plaintiffs did not respond. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The Court finds Defendants' motion well taken and concludes the attachment of deposition excerpts and notes from third-parties constitute "extraneous or evidentiary material that should not be attached to the pleadings." *Bowens v. Aftermath Entertm't*, 254 F. Supp.2d 629, 640 (E.D. Mich. 2003) *accord Empyrean Biosciences, Inc. Secs. Litig.*, 219 F.R.D. 408, 413 (N.D. Ohio 2003).

An "instrument" is defined by Black's Law Dictionary (9th ed. 2009) as "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note, or share certificate." As discussed in *Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir. 1989), types of exhibits ordinarily incorporated within the pleadings under Fed. R. Civ. P. 10(c), generally include contracts, notes, and other "writing[s] on which [a party's] action or defense is based." *See*

*also DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1219 (S.D. Cal. 2001) (defining "written instrument" to include examples "such as a deed, will, bond, lease, insurance policy or security agreement")(citations omitted); *Benzon v. Morgan Stanley*, No. 3:03-0159, 2004 WL 62747 at *2 (M.D. Tenn. Jan. 8, 2004)

Here, Plaintiffs' EEOC charge (Exhibit F) is an example of a properly attached exhibit, *see Amini v. Oberlin Coll.*, 259 F.3d 493 (6th Cir. 2001) as it is a precondition to Plaintiffs' ability to file suit. By contrast, deposition testimony and notes from witnesses would be considered evidentiary support and their inclusion at the initial pleading stage procedurally "blur[s] the distinction between summary judgment and dismissal for failure to state a claim upon which relief could be granted" aspects of litigation. *Rose*, 871 F.2d at 340 n.3. As discussed above, Plaintiffs are free to provide additional factual details of claims but do not need to include extraneous evidentiary support at the pleading stage.

Accordingly, the Court **GRANTS** Defendants' motion to strike Exhibits A-E, H-N, and Q from Plaintiffs' proposed amended complaint (Court File No. 24).

### III. CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' motion to strike (Court File No. 24); **ACCEPTS AND ADOPTS** the magistrate judge's findings of fact, conclusions of law, and recommendations (Court File No. 27) and **ORDERS**:

(1) Plaintiffs' motion to amend their complaint to add a claim of retaliatory discharge is **DENIED WITH PREJUDICE**;

(2) Plaintiffs' motion to add a claim of malicious prosecution is **DENIED**;

(3) Plaintiffs' motion to amend their complaint to provide additional factual details of

3

claims set forth in the original complaint is **GRANTED**;

(4) Plaintiffs have **ten (10) days** from the entry of this order to file an amended complaint, which complies with the instructions above. Exhibits A-E, H-N, and Q are **ORDERED STRICKEN** from Plaintiffs' proposed amended complaint (Court File No. 21-1) and should not be attached to any subsequent amendments.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**